UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDRICK VALYN BOWENS,

        Petitioner,         Case Number: 2:09-12629

v.        HON. GEORGE CARAM STEEH

BARRY DAVIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Kendrick Valyn Bowens filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, currently in the custody of the Michigan Department of Corrections, challenges his convictions for resisting and obstructing a police officer, felon in possession of a firearm and possession of a firearm during the commission of a felony on the ground that insufficient evidence was presented to support these convictions. For the reasons discussed below, the Court denies the petition.

### I. Facts

Petitioner's conviction arises from events that occurred in Saginaw on March 29, 2006. Police officer Mark Scott testified that he was on duty on March 29 when, at approximately 9:50 p.m., he heard gunshots. He reported the shots to dispatch and drove toward the sound of the shots. Dispatch informed him that several 911 calls had been received about gunshots in the area of Parkwood and Williamson Streets, and advised him

to look for a maroon van. Officer Scott testified that when he turned onto Parkwood he saw a maroon van. The van pulled into a gas station. Officer Scott requested backup. The driver exited the vehicle. Officer Scott directed him to get back into the van, which he did. Police Officer Woodcock arrived at the gas station. Officer Scott stood on the passenger side of the vehicle, and Officer Woodcock on the driver side. Officer Scott saw one person in the front passenger seat who he identified to be Petitioner, and two people in the backseat. He advised the vehicle's occupants to keep their hands where he could see them. Petitioner put his hands up and down, near his lap or seat several times.

Officer Woodcock placed the vehicle's driver in Officer Scott's car. Petitioner exited the van. Officer Scott advised him to keep his hands on his head and then to bring his right hand down. When Petitioner brought both hands down, Officer Scott grabbed Petitioner's hand. Petitioner spun away and fled. Officers Scott and Woodcock gave chase and tackled him after one block. They told him to place his hands behind his back. He did not, so a TASER was used.

When the officers returned to the van, Officer Woodcock searched the van and found a handgun located under the front passenger's seat. Officer Scott testified that the handgun's handle was pointed toward the front of the van.

The parties stipulated that Petitioner was a felon ineligible to possess a firearm.

## II. Procedural History

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of resisting and obstructing a police officer, felon in possession of a firearm, and

possession of a firearm during the commission of a felony. On April 3, 2007, he was sentenced as a fourth habitual offender to 5 to 15 years' imprisonment for the resisting and obstructing a police officer conviction, 46 months to 8 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

> I. Was defendant denied his federal constitutional right not to be convicted of an offense absent proof beyond a reasonable doubt of all essential elements where the evidence was insufficient to show that he possessed a firearm (an essential finding for his convictions of both felon in possession and felony-firearm)?
>
> II. If defendant's convictions on the firearm offenses are reversed, is he entitled to resentencing on the resisting/obstructing conviction where (1) no sentencing guidelines were prepared concerning that conviction because it was in a lower crime class than the felon in possession conviction; and (2) the court imposed a longer minimum sentence on the lower class conviction than on the higher one?

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Bowens*, No. 277387 (Mich. Ct. App. Sept. 9, 2008).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same sufficiency of the evidence claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Bowens*, No. 137466 (Mich. Jan. 9, 2009).

Petitioner then filed the pending petition for a writ of habeas corpus. He raises a

3

single claim for relief: insufficient evidence was presented to show that he possessed a firearm.

### III. Discussion

### A. Standard of Review

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute

permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S. Ct. 2527, 156 L. Ed.2d 471 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See*

*Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich.2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### B. Sufficiency of the Evidence

Petitioner presents a single claim for habeas corpus relief. He argues that insufficient evidence was presented to support his felon-in-possession and felony-firearm convictions because insufficient evidence was presented to show that he possessed a firearm.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review

of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), *quoting Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), *citing Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, *citing Jackson,* 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.* "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003), *citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "A reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the

7

record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *McDaniel v. Brown*, __ U.S. __, 130 S. Ct. 665, 674 (2010), *quoting Jackson*, 443 U.S. at 326.

Under Michigan law, the elements of felon in possession of a firearm are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *See* Mich. Comp. Laws § 750.224f.  The elements of felony firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony.  *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich.App. 545, 554, 675 N.W.2d 863 (2003).  Circumstantial evidence and reasonable inferences from such evidence can constitute satisfactory proof of the elements of the crime. *See People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999).

The Michigan Court of Appeals although not specifically citing *Jackson*, clearly applied the *Jackson* standard and held that sufficient evidence was presented to sustain Petitioner's convictions, stating, in relevant part:

> Defendant argues that there was insufficient evidence presented to establish that he possessed the gun found in the van. We disagree.  After receiving complaints of gunfire possibly involving a maroon van, police officers investigated a maroon van containing one driver and three passengers. Defendant was sitting in the front passenger seat.  As officer Mark Scott approached the van, defendant did not comply with the officer's requests to keep his hands raised.  Instead, defendant put his hands down three or four

> times. When defendant moved his hands down, Scott was unable to see defendant's hands. The other occupants of the van kept their hands where Scott could observe them. Defendant also stepped outside of the vehicle before being asked to do so and fled the scene as Scott was attempting to handcuff him. Officers later found the firearm under the front passenger seat where defendant had been sitting. The handle of the gun was facing forward and lying on top of "debris."
>
> Viewed in a light most favorable to the prosecution, this evidence was sufficient to allow a rational trier of fact to find that defendant constructively possessed the gun found in the maroon van. Defendant was seated directly above the gun. Scott was able to view the hands of all the persons inside the vehicle with the exception of defendant, who moved them up and down several times. The gun was lying on top of debris on the floor, which suggests that it had been placed there recently. Further, the handle of the gun was facing forward, not only making it more accessible to defendant than the others in the vehicle as a weapon for immediate firing, but also suggesting that it was placed on top of the debris by someone sitting in the front seat of the car.

*Bowens*, slip op. at 2.

Possession of a firearm under Michigan law can be actual or constructive and can be proven by circumstantial evidence. *See People v. Hill*, 433 Mich. 464, 469, 446 N.W.2d 140 (1989). A defendant may have constructive possession of a firearm if its location is known to the defendant and if it is reasonably accessible to him. *Id.* at 470-71, 446 N.W.2d 140. There was sufficient evidence for a rational trier of fact to conclude that Petitioner constructively possessed the firearm recovered from the vehicle to support his convictions for felon in possession of a firearm and felony-firearm. As the Michigan Court of Appeals noted, testimony at trial established that Petitioner was seated in the seat under which the weapon was located, the weapon's location suggested that it had been placed there recently, Petitioner's hands moved to his lap or lower when police were

outside the vehicle while the other occupants kept their hands raised as directed, and Petitioner tried to flee when he exited the vehicle. From this evidence, a jury could reasonably infer that Petitioner placed the weapon under his seat and, therefore, he knew its location and it was reasonably accessible to him.

In light of the direct and circumstantial evidence presented which supported the prosecution's theory that Petitioner possessed the firearm, the Michigan Court of Appeals' decision that a rational trier of fact could find the essential elements of felon in possession of a firearm and felony firearm beyond a reasonable doubt was not contrary to or an unreasonable application of *Jackson*. Habeas relief is not warranted.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus

relief should be granted.  Therefore, the Court will deny a certificate of appealability.

## V.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**Dated:  February 1, 2011**

   **S/George Caram Steeh**
   **GEORGE CARAM STEEH**
   **UNITED STATES DISTRICT JUDGE**

---

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on February 1, 2011, by electronic and/or ordinary mail and also to Kendrick Bowens at Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.**

**S/Josephine Chaffee**
**Deputy Clerk**